**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JEAN C. MAY, by and through Isaac W. May, her next friend and attorney-in-fact, *et al.* | : : : : | |
| Plaintiff, | : : | |
| vs. | : : | CIVIL ACT. NO. 2:18-cv-885-TFM-SMD |
| STEPHANIE AZAR, in her official capacity as Commissioner of the Alabama Medicaid Agency, | : : : : | |
| Defendant. | : : | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Stephanie Azar's *Motion to Dismiss or, in the Alternative Motion to Stay or, in the Alternative Motion for a More Definite Statement*. Doc. 6, filed November 6, 2018. Pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), Defendant Azar requests the Court dismiss Plaintiff Jean C. May's Complaint for injunctive and declaratory relief; or in the alternative, requests the Court stay this matter pursuant to the *Colorado River* abstention doctrine while related proceedings that are on appeal before the Alabama Court of Civil Appeals conclude; or in the alternative, requests the Court order a more definite statement pursuant to Fed. R. Civ. P. 12(e). *Id.* at 1. Having considered the motion and relevant law, the Court finds the motion to dismiss is due to be **GRANTED in part and DENIED in part**.

### I. PARTIES

Herein, the Court will refer to the parties to this action as follows: Plaintiff Jean C. May will be referred to as "Jean May," Plaintiff Isaac W. May will be referred to as "Isaac May," and they will be collectively referred to as "Plaintiffs" or the "Mays." Defendant Stephanie Azar will

be referred to as either "Defendant" or the "Commissioner," and the Alabama Medicaid Agency will be referred to as the "AMA."

## II. JURISDICTION AND VENUE

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question) as Plaintiffs bring claims pursuant to 42 U.S.C. § 1983 for violations of the Medicaid Act and violation of 42 U.S.C. § 1396a(a)(8).

The district court has personal jurisdiction over the claims in this action because Jean May and Isaac May, Jean's husband, next friend, and attorney-in-fact, are alleged to be citizens of Montgomery County, Alabama, and Stephanie Azar is the Commissioner of the Alabama Medicaid Agency, and are within the Court's district. *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014) ("'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.' [*Goodyear Dunlop Tires Operations, S.A. v. Brown*,] 564 U.S. [915,] 924, 131 S. Ct. 2846, 2854, 180 L. Ed. 2d 796, 806 (citing [Lea] Brilmayer et al., *A General Look at General Jurisdiction*, 66 TEX. L. REV. 721, 728 (1988)). With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.' *Id.* at 735; *see also* [Mary] Twitchell, *The Myth of General Jurisdiction*, 101 HARV. L. REV. [610,] 633.").

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because the events that are described in the Complaint occurred in this district.

The parties do not contest either personal jurisdiction or venue. Defendant contests subject matter jurisdiction because she brings her instant motion pursuant to Fed. R. Civ. P. 12(b)(1), but as the Court has already discussed, the Court has subject matter jurisdiction over this matter and

Defendant does not distinguish in her motion between Fed. R. Civ. P. 12(b)(1) and (b)(6).

### III. FACTUAL AND PROCEDURAL BACKGROUND

At all relevant times, Jean May was married to Isaac May. Doc. 1 ¶ 12. On January 13, 2016, Jean May was admitted to a nursing home, John Knox Manor. *Id.* ¶ 11. The Mays paid out of pocket for Jean May to be admitted to the nursing home. *Id.* ¶ 13. After the Mays "spent-down" their resources to what they understood to be the required limit for Medicaid, a Medicaid application was filed for Jean May on February 28, 2017. *Id.* ¶ 14. Issac May, along with his son and daughter-in-law, assisted Jean May with the Medicaid benefits process. *Id.* ¶ 15. On March 2, 2017, Medicaid supplied Isaac May with a pre-filled "Agreement to Sell" form in regard to a junkyard that is jointly owned by the Mays. *Id.* ¶ 32. The "Agreement to Sell" form states, "If this agreement is made by and with respect to an individual who is not filing for or receiving benefits but whose resources effect the eligibility of another individual for benefits, this agreement is required by regulations (20 C.F.R. §§ 416.1240, 416.1202, 416.1203)." *Id.* After Isaac May received the "Agreement to Sell" form, he completed it and returned it signed on March 20, 2017. *Id.* ¶ 35. On June 9, 2017, Medicaid denied Jean May's application for "failure to provide information." *Id.* ¶ 17.

Jean May's attorney requested an informal conference with Medicaid after Jean May's Medicaid application was denied. *Id.* ¶ 18. The conference was held on June 29, 2017, after which Medicaid continued to process Jean May's Medicaid application. *Id.* However, as of June 29, 2017, Medicaid had not issued a "spousal assessment" for the Mays. *Id.* ¶ 19. For Medicaid eligibility purposes, a spousal assessment determines the total combined resources of an applicant and her community spouse and states Medicaid's calculation of how much of those joint assets may be preserved for the community spouse, pursuant to the applicable spousal improverishment

rules. *Id.* ¶ 20. The spousal assessmenet is required under 42 U.S.C. § 1396r-5(c)(1)(B). *Id.* ¶ 21.

On June 30, 2017, Jean May's attorney emailed Medicaid to inquire about the status of the spousal assessment and submitted a "re-application" to preserve the maximum benefits for Jean May in the event the first denial stood. *Id.* ¶ 22. On July 5, 2017, Medicaid issued the first spousal assessment. *Id.* ¶ 23. On the same date, Medicaid notified Jean May's attorney a second denial of Jean May's Medicaid application because of "excess resources" would issue. *Id.* ¶ 24.

Jean May's attorney again requested an informal conference with Medicaid to discuss the spousal assessment. *Id.* ¶ 25. The conference was held on July 7, 2017, with the Medicaid District Office Manager and the case worker who was assigned the relevant file. *Id.* As a result of the conference, the Montgomery District Office Manager requested an "interpretation request" from the Medicaid central office. *Id.* ¶ 26. On August 4, 2017, Medicaid issued a second denial letter, in which Jean May was denied Medicaid benefits for excess resources. *Id.* ¶ 30. Medicaid's position in the second denial letter was Jean May was ineligible due to excess resources because her husband, Isaac May, owned an undivided one-half interest in a junkyard, which was listed for sale since March 2, 2016. *Id.* ¶ 31. It is Medicaid's position that the "bona fide effort to sell" exclusion[1] is not available to a married applicant and that was the reason Jean May's Medicaid application was denied.

---

[1] Real property may be excluded as long as a bona fide effort is being made to sell the property. A bona fide effort to sell is defined as an attempt to sell through listing with a real estate agent or by attempt to sell by the owner. A period in excess of 7 days during which no attempt is made to sell voids this exclusion. To qualify for this exclusion, the property must have been listed for sale as of the first moment of the month that eligibility is being sought. Applicant must agree to reimburse the Agency for expenses incurred during the effort to sell and make prompt repayment after sale. Bona fide effort to sell will be review periodically to verify a continuing effort.

ALA. ADMIN. CODE r. 560-X-25-.06(2)(e)5.

Jean May appealed the second denial of her Medicaid application and an administrative fair hearing was conducted on October 13, 2017, before an Administrative Law Judge (the "ALJ") as the designee of the Commissioner of the AMA. *Id.* ¶ 40. On December 14, 2017, the ALJ issued her Recommendation to the Commissioner of the AMA, in which she recommended both of the decisions to deny Jean May's Medicaid application be reversed. *Id.* ¶ 41. On January 12, 2018, the Commissioner accepted the ALJ's recommendation as to the denial of Jean May's Medicaid application for "failure to provide information." *Id.* ¶ 42. However, the Commissioner declined to accept the ALJ's recommendation as to the second denial of Jean May's Medicaid application. *Id.* ¶ 43.

On January 29, 2018, pursuant to the Alabama Administrative Procedures Act, a petition for judicial review of the Commissioner's decision was filed with the Circuit Court of Montgomery County, Alabama. *Id.* ¶ 44. On August 30, 2018, the circuit court issued an order in which it reversed the ALJ's decision. *Id.* ¶ 45. The circuit court's order was appealed to the Alabama Court of Civil Appeals on September 27, 2018. *Id.*

On October 15, 2018, Jean May, by and through Isaac May, her next friend and attorney-in-fact, and Isaac May, individually, filed this instant action against the AMA Commissioner, in her official capacity. *Id.* The Mays bring against the Commissioner two claims: (1) a claim for violation of 42 U.S.C. § 1983 because the Mays allege they were deprived of rights that are secured to them by the Medicaid Act, 42 U.S.C. §§ 1396-1396w; 42 C.F.R. § Part 435; the Social Security Act, 42 U.S.C. §§ 1381-1385; and 20 C.F.R. Part 416 and (2) a claim for violation of 42 U.S.C. § 1396a(a)(8) because the Mays claim the Commissioner failed to furnish Medicaid assistance to Jean May with "reasonable promptness." *Id.* ¶¶ 90-101.

On November 6, 2018, Defendant filed her Motion to Dismiss or, in the Alternative Motion

to Stay or, in the Alternative Motion for a More Definite Statement. Doc. 6. Plaintiffs timely responded in opposition, to which Defendant replied. Docs. 13-14. The Court finds oral argument unnecessary for resolution at this time. Therefore, the motion is fully briefed and ripe for adjudication.

On July 31, 2019, the Court entered an Order for the parties to file a joint status report to inform the Court about the status of the related matter that was before the Alabama Court of Civil Appeals. Doc. 17. According to the parties' joint status report, the appeals court issued its opinion on Jean May's appeal on August 2, 2019, in which it upheld the circuit court's decision to deny Jean May's application for Medicaid benefits. Doc. 18-1.

## IV. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)

A Fed. R. Civ. P. 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F. Supp. 2d 468, 470 (M.D. Ala. 2000). The burden of proof for a Fed. R. Civ. P. 12(b)(1) motion is on the party averring jurisdiction. *Gilmore*, 125 F. Supp. 2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)). A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n.5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

"On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a [Fed. R. Civ. P.] 12(b)(6) motion -- the court must consider the allegations of the complaint to be true." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (evaluating whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employing standards similar to those that govern a Fed. R. Civ. P. 12(b)(6) review). The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id*. at 1206. When discussing exhibits on a facial attack, the Court may consider exhibits that are attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015). Exhibits attached to the complaint are considered part of the complaint for all purposes. *Id*. Further, exhibits attached to a motion to dismiss may be considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Id*.

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. On a Fed. R. Civ. P. 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. *Lawrence*, 919 F.2d at 1529. Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n.5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Fla. v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997) [hereinafter *Miccosukee Tribe*]. "[A] trial court is free to weigh

the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (citation and internal quotation marks omitted); *see also Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (stating same). In other words, "the district court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action." *Lawrence*, 919 F.2d at 1529. The Eleventh Circuit has specifically cautioned district courts "should only rely on [Fed. R. Civ. P.] 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*" *Morrison*, 323 F.3d at 925 (emphasis in original) (internal quotation marks omitted) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

**B.     Fed. R. Civ. P. 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [*Twombly*, 550 U.S.] at 570, 127 S. Ct. [at] 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S. Ct. [at] 1955."). Since a Fed. R.

Civ. P. 12(b)(6) motion questions the legal sufficiency of a complaint, in assessing the merits of the motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 1276, 113 L. Ed. 2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990); *but see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1955) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, all factual allegations shall be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989). Obviously, therefore, a district court may not resolve factual disputes when adjudicating a motion to dismiss. *Page v. Postmaster Gen. and Chief Exec. Officer of the U.S. Postal Serv.,* 493 F. App'x 994, 995 (11th Cir. 2012) (citing, among other cases, *Lawrence v. Dunbar,* 919 F.2d at 1529, for the proposition that, under Fed. R. Civ. P. 12(b)(6), the existence of disputed material facts precludes a district court from granting a motion to dismiss). "'When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.'" *Thaeter v. Palm Beach Cty. Sheriff's Office,* 449 F.3d 1342, 1352 (11th Cir. 2006) (quoting *Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam)); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP,* 678 F.3d 1211, 1215-16 (11th Cir. 2012) ("Because the Ellis law firm's dunning letter and enclosed documents were attached to the Reeses' complaint as an exhibit, we treat them as part of the complaint for [Fed. R. Civ. P.] 12(b)(6) purposes.").

V. **DISCUSSION AND ANALYSIS**

Defendant puts forth numerous arguments in support of her motion: Jean May is not

eligible for the requested Medicaid nursing home benefits based on applicable federal and state Medicaid laws and regulations; Jean May failed to exhaust her remedies pursuant to Ala. Code §41-22-20; the *Rooker-Feldman* doctrine applies; the *Colorado River* abstention doctrine applies; Isaac May, in his individual capacity, lacks standing; damages in the form of Medicaid benefits are barred by Eleventh Amendment immunity; and the AMA was unable to act with reasonable promptness because Jean May continued to submit documents to the AMA for it to determine her Medicaid eligibility. In the alternative, Defendant argues, should the Court deny her motion to dismiss and alternative request for a stay under the *Colorado River* abstention doctrine, the Court order a more definite statement, pursuant to Fed. R. Civ. P. 12(e). Defendant does not state under which standard she brings each of her arguments, Fed. R. Civ. P. 12(b)(1) or (b)(6). The Court will address each of Defendant's arguments in turn.

**A.     Jean May is not Eligible for the Requested Medicaid Nursing Home Benefits Based on Applicable Federal and State Medicaid Laws and Regulations**

Defendant argues federal and state Medicaid laws and regulations do not allow excluded from a Spousal Assessment the equity interest of non-residential real property subject to a "bona fide effort to sell." Doc. 6 ¶ 11. Plaintiffs argue, if their factual assertions are taken as true, Defendant's argument that she acted in accordance with applicable laws is insufficient to demonstrate Plaintiffs have failed to state a claim upon which relief can be granted. Doc. 13. ¶ 24. Plaintiffs also argue Defendant's interpretation of federal and state Medicaid laws and regulations is incorrect. *Id.* ¶ 25.

As to Plaintiffs' first argument that, if their factual assertions are taken as true, they have properly stated a claim, the Court notes it must accept as true all of the factual allegations in Plaintiffs' Complaint, but such is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Count 1 of Plaintiffs' Complaint states Defendant wrongly denied Jean May Medicaid benefits based on

Defendant's interpretation of the applicable statutes. Whether Defendant wrongly interpreted those statutes would not be contingent on Plaintiffs' factual assertions and strictly would be a matter of law for the Court to decide. However, Count 2 of Plaintiffs' Complaint states Defendant failed to determine whether Jean May was eligible for Medicaid benefits within the statutorily mandated timeframe. Whether Defendant determined Jean May was eligible for Medicaid benefits within the statutorily mandated timeframe would be a matter of fact. In any case, Defendant only argues Count 1 should be dismissed because Defendant correctly denied Jean May benefits based on the applicable statutes and regulations.

However, the same issue of whether Defendant properly denied Jean May Medicaid benefits based on Defendant's interpretation of the applicable statutes was litigated in the Alabama courts, which may implicate the legal principles of *res judicata*, collateral estoppel, and/or improper claim splitting.

Accordingly, the Court will deny without prejudice to reassert the motion to dismiss as to whether Defendant properly denied Jean May Medicaid benefits and grant leave to Defendant to reassert her argument in a new fully-briefed motion based on the current posture of the case.

**B.    Exhaustion of Remedies Pursuant to Ala. Code §41-22-20**

Defendant argues Plaintiffs have not fully exhausted their remedies pursuant Ala. Code. § 41-22-20. Doc. 6 ¶ 14. Plaintiffs argue this Court, the Eleventh Circuit, and the Supreme Court have concluded, under the Medicaid Act, plaintiffs are not required to exhaust their administrative remedies under state law before they filed a § 1983 action in federal court. Doc. 13 ¶ 73; *see also Alacare, Inc.-N.v. Baggiano*, 785 F.2d 963, 965-67 (11th Cir. 1986) ("The evidence of a congressional preference for imposing an exhaustion requirement in Medicaid cases is simply inevident . . . .") (applying *Patsy v. Fla. Bd. of Regents*, 457 U.S. 496, 102 S. Ct. 2557, 73 L. Ed.

2d 172 (1982)); *Planned Parenthood Se., Inc. v. Bentley*, 141 F. Supp. 3d 1207, 125 (M.D. Ala. 2015) (citations omitted) ("[T]he Eleventh Circuit, like every other circuits to consider the issue, has concluded that exhaustion is not required for claims under the Medicaid Act."). Defendant concedes the appeal in state court does not prevent Plaintiffs' instant § 1983 action; however, to the extent Plaintiffs raise violations of undisclosed state law in their claims, Defendant argues Plaintiffs should be precluded from raising such claims. Doc. 14 at 6-7.

A review of Plaintiffs' Complaint shows they have not raised violations of state law. *See* Doc. 1.

Accordingly, Defendant's motion to dismiss based on Plaintiffs' failure to exhaust their administrative remedies is denied.

**C.     *Rooker-Feldman* Doctrine**

Defendant argues, based on the pending state court action, the Court should dismiss this matter pursuant to the *Rooker-Feldman* doctrine. Doc. 6 ¶¶ 15-17; *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). Plaintiffs argue the *Rooker-Feldman* doctrine is inapplicable to this matter. Doc. 13 ¶ 76.

> *Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, e.g., § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity). In both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.
>
> . . .
>
> When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court.

> . . .
>
> Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-93, 125 S. Ct. 1517, 1526-27, 161 L. Ed. 2d 454 (2005).

This action was commenced while the state court action was pending, which makes the *Rooker-Feldman* doctrine inapplicable. *See Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009) ("In conclusion, we agree with our sister circuits (the First, Eighth and Tenth Circuits) and hold that state proceedings have not ended for purposes of *Rooker-Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment.").

Accordingly, Defendant's motion to dismiss based on the *Rooker-Feldman* doctrine is denied.[2]

**D.** ***Colorado River* Abstention Doctrine**

Defendant argues the Court should stay this matter under the *Colorado River* abstention doctrine while the state court action is appealed. Doc. 6 ¶¶ 18-20; *Colo. R. Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) (holding a federal court may abstain from a case if (1) there is a parallel lawsuit in state court, and (2) judicial administration reasons demand abstentions). Plaintiffs argue the *Colorado River* abstention

---

[2] The Court does not have current information on the status of the state appeal after August 2, 2019. Doc. 18.

doctrine applies in only exceptional circumstances, which are not found in this case. Doc. 13 ¶¶ 84-94.

"'[A]s a threshold matter,' a federal court may abstain under the *Colorado River* doctrine only if there is a parallel state action, which is one involving 'substantially the same parties and substantially the same issues.'" *Jackson-Platts v. GE Capital Corp.*, 727 F.3d 1127 1140 (11th Cir. 2013) (quoting *Ambrosia Coal and Constr. Co. v. Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)).

The state court action was brought by Jean May against the AMA pursuant to the Alabama Administrative Procedures Act, ALA. CODE § 41-22-1 through -27, and ALA. ADMIN. CODE r. 560-x-3-.01 through .07, in which she sought judicial review of the AMA's decision to deny her nursing home benefits. *May v. Ala. Medicaid Agency*, No. 03-CV-2018-900178, Doc. 2 (15th Jud. Cir. of Ala. Jan. 29, 2018). Specifically, Jean May argued the agency's decision in regard to the bona-fide effort to sell real property exemption should be reversed. *Id.* Here, Plaintiffs bring a claim for violation of 42 U.S.C. § 1983 because Jean May was deprived of her rights that are secured by the Medicaid Act, and violation of 42 U.S.C. § 1396a(a)(8) because Defendant failed to furnish Medicaid assistance to Jean May with "reasonable promptness." Doc. 1 ¶¶ 90-101. Plaintiffs' § 1983 claim specifically challenges the AMA's decision to not apply to her claim for benefits the bona-fide effort to sell real property exemption. *See* Doc. 13 ¶¶ 1-5. While the issue of whether the bona-fide effort to sell real property exemption should have been applied to Jean May's claim for Medicaid benefits is a common issue that is presented here and in the state court action, this action also presents the issue of whether Defendant provided Jean May Medicaid assistance with "reasonable promptness." Therefore, the state court action and this action do not present

substantially the same issues. There is an entirely new claim that was not presented in the state court action.

Accordingly, Defendant's motion to dismiss based on the *Colorado River* abstention doctrine is denied.

**E.     Isaac May, in His Individual Capacity, Lacks Standing**

Defendant argues Isaac May, in his individual capacity, should be dismissed because he does not have standing to bring claims based on the fact that his wife was denied Medicaid benefits. Doc. 6 ¶¶ 21. Defendant argues Isaac May is not a real party in interest because he is neither a Medicaid recipient nor an applicant for Medicaid benefits, and he was not a party to either the administrative proceedings or the state court action. *Id.* Defendant also argues Isaac May would not be allowed to seek a state fair hearing pursuant to the applicable regulations and statutes. *Id.* Plaintiffs argue Isaac May may seek a state fair hearing pursuant to the applicable regulations and statutes and satisfies the elements of standing. Doc. 13 ¶¶ 96-103.

The Court notes Defendant confuses "the principle of jurisdictional standing under Article III of the United States Constitution, which would impact the court's subject matter jurisdiction, with the principle of real party in interest, which does not impact the court's subject matter jurisdiction." *Dunn v. Advanced Med. Specialties, Inc.*, 556 F. App'x 785, 789-90 (11th Cir. 2014) (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003)).[3] While, Defendant quotes language for standing, her argument is Isaac May is not a real party in interest pursuant to Fed. R. Civ. P. 17(a)(1).

---

[3] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

"An action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). "A real party in interest is 'the party who, by the substantive law, has the right sought to be enforced.'" *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016) (quoting *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250, 257 (5th Cir. 1980)).[4]

Here, Plaintiffs claim Defendant applied overly restrictive methodologies to determine Jean May's eligibility for Medicaid benefits. While Isaac May's preserved community-spouse resources are affected by Defendant's conduct, said conduct does not affect his eligibility for Medicaid benefits. As for Plaintiffs' claim Defendant failed to provide them an opportunity for a fair hearing because Defendant failed to provide Jean May with Medicaid benefits with reasonable promptness, again, it is Plaintiffs' claim Defendant failed to provide Jean May, not Isaac May, with Medicaid benefits that is the impetus of the claim, which makes Jean May the real party in interest. While Plaintiffs cite language from Ala. Admin. Code r. 560-X-3-.01(1)[5] to argue Isaac May may request a state fair hearing, Plaintiffs would seem to invite the Court to read the regulation to allow any individual to be entitled to such a hearing rather than a claimant for medical benefits, an invitation that the Court declines.

---

[4] The Eleventh Circuit has adopted the decisions of the Fifth Circuit that were decided prior to September 30, 1981, as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[5] An opportunity for a fair hearing shall be granted to any individual or provider of services requesting a hearing because a claim for medical assistance or payment for services provided a recipient is denied or is not acted upon with reasonable promptness, or because the party is aggrieved by any other agency action regarding receipt of medical assistance or payment for services, or by an agency policy as it affects the situation . . . .

ALA. ADMIN. CODE r. 560-X-3-.01(1).

Accordingly, Defendant's motion to dismiss is granted as to Isaac May's individual claims. Isaac May's claims that are brought on behalf of Jean May remain.

**F.     Eleventh Amendment Immunity**

Defendant argues, to the extent Plaintiffs seek to recover damages from the AMA in the form of Medicaid benefits for Jean May, such claims are barred by Eleventh Amendment immunity. Doc. 6 ¶ 22. In response, Plaintiffs argue they seek only prospective relief. Doc. 13 ¶ 107.

"[T]he rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1356, 39 L. Ed. 2d 662 (11th Cir. 1974) (citations and internal quotation marks omitted). However, "the Eleventh Amendment does not generally prohibit suits against state officials in federal court seeking only prospective injunctive or declaratory relief, but bars suits seeking retrospective relief such as restitution or damages." *Fla Ass'n of Rehab. Facilities v. Fla. Dep't of Health & Rehav. Servs.*, 225 F.3d 1208, 1220 (11th Cir. 2000) (citations omitted).

A review of Plaintiffs' Complaint shows the relief they seek is confined to prospective relief as well as costs and fees pursuant to 42 U.S.C. § 1988. *See* Doc. 1.

Accordingly, Defendant's motion to dismiss based on Eleventh Amendment immunity is denied.

**G.     Count 2 Should be Dismissed**

Defendant argues Plaintiff's Count 2 of their Complaint should be dismissed because the AMA was unable to act with reasonable promptness since Jean May continued to submit

documents to the AMA for it to determine her Medicaid eligibility. Doc. 6 ¶ 23. Plaintiffs argue Defendant's argument is improper in a motion to dismiss. Doc. 13 ¶¶ 110-12.

The Court agrees with Plaintiffs the reason for the AMA's delay is a factual dispute that is improper for the Court to decide by a motion to dismiss.

Accordingly, Defendant's motion to dismiss because the AMA was unable to act with reasonable promptness since Jean May continued to submit documents to the AMA for it to determine her Medicaid eligibility is denied.

**H.     In the Alternative, Motion for More Definite Statement**

Finally, Defendant requests, should the Court deny Defendant's motion to dismiss and alternative request for a stay under the *Colorado River* abstention doctrine, the Court order a more definite statement, pursuant to Fed. R. Civ. P. 12(e).

Defendant's alternative request for a more definite statement is denied at this time.

## VI.     CONCLUSION

Based on the foregoing discussion and analysis, Defendant's Motion to Dismiss or, in the Alternative Motion to Stay or, in the Alternative Motion for a More Definite Statement (Doc. 6) is **GRANTED in part and DENIED in part**.  Defendant's motion is **GRANTED** as to Defendant's motion to dismiss Isaac May's individual claims; otherwise, Defendant's motion is **DENIED** as discussed above.

**DONE** and **ORDERED** this the 4th day of November 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE